UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID COOPER, | : |
| | : Civil No. 18-16798 (FLW) |
| Petitioner, | : |
| | : |
| v. | : **MEMORANDUM OPINION** |
| | : |
| BRUCE DAVIS et al., | : |
| | : |
| Respondents. | : |

**FREDA L. WOLFSON, U.S.D.J.**

  Petitioner, David Cooper ("Cooper" or "Petitioner"), is proceeding *pro se* with a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Pet., ECF No. 1.) Cooper indicates that he previously filed a habeas petition in this district in 2010. (*See id.* ¶ 14; ECF No. 1-1 at ECF pp. 32–35.) Examination of the docket from that proceeding reveals that, shortly after it was commenced, United States District Judge Anne E. Thompson issued a Notice and Order, pursuant to *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), notifying Cooper that, under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner challenging detention under § 2254 must include all arguments for relief in one petition. *Cooper v. Ricci*, Civ. No. 10-2901 (AET), ECF No. 2. This Notice and Order further notified Cooper that if he chose to proceed with his habeas petition in that action he would "lose [his] ability to file a second or successive petition under § 2254, absent certification by the Court of Appeals for the Third Circuit and extraordinary circumstances." *Id.* In response, Cooper specifically noted that he wished to have his petition in that matter ruled upon as his "one all-inclusive 2254 Petition." Civ. No. 10-2901, ECF No. 5. Judge Thompson denied that habeas petition on its merits in an Opinion and Order issued April 3, 2013. Civ. No. 10-2901, ECF Nos. 21 & 22.

Cooper apparently filed a second and third petition for post-conviction relief ("PCR") in state court after his habeas petition was denied by Judge Thompson. (ECF No. 1 ¶ 11(b)–(c).) He indicates that both of those petitions were dismissed as untimely or procedurally barred. (*Id.*)

Cooper's Petition presently before this Court seeks habeas relief based on various claims that counsel during his first state PCR proceeding provided ineffective assistance by failing to raise certain arguments that Cooper's trial counsel had been ineffective. (*See* ECF No. 1 ¶ 12; *see also* Mem. of Law, ECF No. 1-2, at ECF pp. 19–42.) These arguments were apparently among the claims that Cooper attempted to assert in his second and third state PCR petitions. (*See* ECF No. 1 ¶ 12.) Cooper also alleges that he attempted to raise these issues with the initial PCR court in a *pro se* brief he filed the day after his petition had been denied. (*Id.*)

The present Petition, however, still ultimately challenges the same conviction and sentence that Cooper challenged in his first habeas petition, which Judge Thompson denied on its merits. Thus, Cooper's pleading in this matter is a second or successive petition under 28 U.S.C. § 2244(b) and does not fall into recognized exceptions to the "second or successive" rule. *See, e.g.*, *Slack v. McDaniel*, 529 U.S. 473, 485–86 (2000) ("A habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition."); *Magwood v Patterson*, 561 U.S. 320, 342 (2010) (explaining that first habeas petition challenging new sentence is not second or successive under § 2244(b) though petitioner previously filed habeas petition challenging original sentence for same judgment). As explained by the Supreme Court,

> [AEDPA] established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court" must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody. In pertinent part, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district

> court to consider the application." A three-judge panel of the court
> of appeals may authorize the filing of the second or successive
> application only if it presents a claim not previously raised that
> satisfies one of the two grounds articulated in § 2244(b)(2).

*Burton v. Stewart*, 549 U.S. 147, 152–53 (2007) (citations omitted). Thus, a prisoner who presents a claim not previously raised may file a second or successive § 2254 petition only after obtaining an order from the appropriate court of appeals authorizing the district court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A). Absent such authorization, the district court lacks jurisdiction to address the merits of such a petition. *See* 28 U.S.C. § 2244(b)(4).

Cooper has not alleged that he sought or received authorization from the Court of Appeals for the Third Circuit to file a second or successive § 2254 petition.[1] Without authorization, Cooper's Petition must be either dismissed for lack of subject-matter jurisdiction or transferred to the Third Circuit pursuant to 28 U.S.C. § 1631. *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002) ("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

In deciding whether it is in the interests of justice to transfer a second or successive petition to the court of appeals, a district court may consider whether a petitioner "ha[s] alleged facts sufficient to bring his petition within the gatekeeping requirements of § 2244, which permits 'second or successive' petitions based upon newly discovered evidence or a new rule of constitutional law." *See Hatches v. Schultz*, 381 F. App'x 134, 137 (3d Cir. 2010). Under § 2244(b)(3), the court of appeals must determine that a second or successive petition presents a

---

[1] In addition to the lack of any allegation that Cooper obtained leave from the Third Circuit to proceed with a second or successive petition, I note that Cooper's very thorough recitation of the procedural history of his various cases makes no mention of any efforts to obtain such authorization. (*See* ECF No. 1 ¶ 18.)

claim not previously raised that satisfies § 2244(b)(2)'s new-rule or actual-innocence provisions. *See Gonzalez v. Crosby*, 545 U.S. 524, 529–530 (2005). Section 2244(b)(2) provides,

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

      The Court has reviewed the grounds for relief alleged in Cooper's new Petition and finds that the factual premises of these claims were not raised in his first habeas petition. *Compare* (ECF No. 1 & ECF No. 1-2 at 19–42) *with* Civ. No. 10-2901, ECF No. 1. Cooper seems to assert that his new Petition is justified by a new rule of constitutional law under § 2244(b)(2)(A), as he includes references to the Supreme Court's opinion in *Trevino v. Thaler*, 569 U.S. 413 (2013), in support of his attempt to use the alleged ineffective assistance of PCR counsel to reach otherwise procedurally defaulted arguments as to ineffective assistance of trial counsel. (*See* ECF No. 1 ¶ 18.) There are several reasons why this argument must fail. First, the *Trevino* decision simply clarifies the scope of the Supreme Court's 2012 decision in *Martinez v. Ryan*, 566 U.S. 1 (2012), and "*Martinez* did not announce a new constitutional rule or right for criminal defendants, but rather an equitable rule." *Cox v. Horn*, 757 F.3d 113, 119, 124 (3d Cir. 2014).

Second, even if *Trevino* and *Martinez* had created a new constitutional rule, there is no Supreme Court decision making them retroactive to cases on collateral review. *See Burton v. Wenerowicz*, Civ. A. No. 5:14-cv-3010, 2015 WL 409791, at *5 n.5 (E.D. Pa. Jan. 30, 2015) ("Also, 'the Supreme Court has not made either *Martinez* or *Trevino* retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244.'" (quoting *In re Paredes*, 587 F. App'x 805, 813 (5th Cir. 2014))). Finally, it is not clear how *Martinez* and *Trevino* could be considered to have been "previously unavailable," as the *Martinez* opinion was issued in 2012, before Judge Thompson's April 2013 denial of the first habeas petition, and as *Trevino* was issued on May 28, 2013, while Cooper's appeal of that denial was pending before the Third Circuit. (*See* ECF No. 1-1, Ex. P, Order of 3d Cir. (Aug. 8, 2013).)

Furthermore, Cooper does not allege facts to support a claim for newly discovered evidence pursuant to 28 U.S.C. § 2244(b)(2)(B). While Cooper references certain facts that his PCR counsel allegedly did not discover until August 13, 2001, this discovery still occurred more than nine years before Cooper filed his *first* habeas petition. Such facts can hardly be considered new for the purposes of this proceeding filed almost another nine years later. The Court, therefore, finds that the Petition does not allege facts sufficient to bring it within the gatekeeping requirements of § 2244. *See Hatches*, 381 F. App'x at 137. Accordingly, transferring the Petition to the Third Circuit under 28 U.S.C. §1631 would be inappropriate. The Court notes that Cooper may, of course, independently seek from the Third Circuit an order authorizing consideration of his second or successive petition under § 2244(b)(3)

For these reasons, the Court finds that it lacks jurisdiction under 28 U.S.C. § 2244(b)(4) to consider Cooper's Petition because he has not sought or received authorization from the Third

Circuit to file a second or successive habeas petition under § 2244(b)(3). As transfer is not within the interests of justice, the proceeding is dismissed under 28 U.S.C. § 1631.

Under 28 U.S.C. § 2253(c), a litigant may not appeal a final order in a habeas proceeding unless the judge or a circuit justice issues a certificate of appealability ("COA"). That section further directs courts to issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, reasonable jurists would not find the Court's procedural ruling debatable. Accordingly, no certificate of appealability shall issue.

An appropriate Order follows.

DATED: January 24, 2019                           *s/Freda L. Wolfson*
                                                  FREDA L. WOLFSON
                                                  United States District Judge